IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HELEN BARBARA RYAN,<br><br>　　　　Plaintiff,<br>v.<br><br>MECKLENBURG COUNTY and<br>THE KANIA LAW FIRM, P.A.,<br><br>　　　　Defendants. | Case No.<br><br>**Removed from the Superior Court of Mecklenburg County, North Carolina Case No. 21-CVS-18976** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Mecklenburg County (the "County"), by and through its undersigned counsel, hereby removes this action from the Superior Court for Mecklenburg County, North Carolina, in which court the case is currently pending, to the United States District Court for the Western District of North Carolina. In support thereof, the County states as follows:

### I.  Background

1. The County exercises its rights under the provisions of 28 U.S.C. §§ 1331, 1367, 1441, and 1446 to remove this case from the Superior Court for Mecklenburg County, North Carolina. The case is now pending under the name and style of *Ryan v. Mecklenburg County, et. al.*, Mecklenburg County Superior Court, Case No. 21-CVS-15614.

2. 28 U.S.C. § 1441(a) provides:

    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

3. This civil action was instituted in North Carolina state Superior Court and has not been tried. Plaintiff Helen Barbara Ryan filed her Complaint on November 24, 2021, naming the County and the Kania Law Firm, P.A. (the "Firm") as defendants.

4. Pursuant to 28 U.S.C. §1446(a), the County has attached hereto as **Exhibit A**, copies of all process, pleadings and orders served upon the County to date.

## II. The Notice of Removal is Timely and Properly Filed.

5. This civil action was not removable when Ryan filed it because federal court jurisdiction did not exist over it. Ryan did not bring any claims that arise under the Constitution, laws, or treaties of the United States, and the parties are not diverse.

6. On January 6, 2023, however, the Honorable Robert C. Ervin announced, over the County's objection, that he would allow Ryan to amend her Complaint to add two additional claims against Mecklenburg County pursuant to 42 U.S.C. § 1983 and Section 19, Article I of the North Carolina Constitution. The County, by and through its undersigned attorney, received a copy of Judge Ervin's unfiled, but signed, Order Granting Motion to Amend Complaint by email from Judge Ervin's Trial Court Coordinator on January 11, 2023, the same day it was executed.

7. Pursuant to 28 U.S.C. § 1446(b)(3), the filing of this Notice of Removal is timely because it was filed within 30 days of the receipt by the County of a copy of Judge Ervin's Order Granting Motion to Amend Complaint, which was the first paper from which it could be ascertained that this case had become removable.

## III. Subject Matter Jurisdiction.

8. This Court has subject matter jurisdiction over the claims at issue in this case pursuant to 28 U.S.C. §§ 1331 and 1367. Pursuant to 28 U.S.C. § 1331, this Court has

jurisdiction over Plaintiff's claim against the County pursuant to 42 U.S.C. § 1983 because that claim arises under the laws of the United States.

9. This Court has jurisdiction over Plaintiff's remaining causes of action pursuant to 28 U.S.C. § 1367 because they form part of the same case and controversy as Plaintiff's claim against the County pursuant to 42 U.S.C. § 1983 over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### IV. Procedural Compliance

10. Counsel for the County has consulted with Counsel for the Firm. On January 27, 2023, Counsel for the Firm consented in writing to the removal of this case to this Court. A true and accurate copy of counsel's email consenting to the removal of this case is attached hereto as ***Exhibit B***.

11. Pursuant to 28 U.S.C. § 1441 *et seq.*, the right exists to remove this case from the Superior Court for Mecklenburg County, in which court the case is currently pending, to the United States District Court for the Western District of North Carolina.

12. The United States District Court for the Western District of North Carolina embraces Mecklenburg County, North Carolina, in which the action is now pending and, thus, this Court is a proper venue for this action pursuant to 28 U.S.C. § 113. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a).

13. Pursuant to 28 U.S.C. § 1446(d), the County shall give Ryan and the Firm written notice of the filing of this Notice of Removal, and the County shall file the written notice of the filing of this Notice of Removal with the Superior Court for Mecklenburg County, attaching thereto a copy of this Notice of Removal. An executed copy of the Notice of Filing of Notice of Removal is attached hereto as ***Exhibit C***.

14. In filing this Notice of Removal, the County denies that the Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner by any act or omission of the County. The County further reserves all of its defenses.

## V.     Conclusion

WHEREFORE, Mecklenburg County respectfully requests the above-captioned action now pending in the Superior Court for Mecklenburg County, North Carolina, be removed to the United States District Court for the Western District of North Carolina, and that the United States District Court for the Western District of North Carolina assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice. If any questions arise as to the proprietary of the removal of this action, the County requests the opportunity to present a brief and argument in support of its position that this case is removable.

This the 3rd day of February, 2023.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ B. Chad Ewing*
B. Chad Ewing (N.C. State Bar No. 27811)
301 South College Street, Suite 3500
Charlotte, North Carolina   28202-6037
Telephone: (704) 331-4996
Facsimile: (704) 338-7854
E-Mail:     chad.ewing@wbd-us.com

***Attorney for Defendant Mecklenburg County***

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, the foregoing **NOTICE OF REMOVAL** was served via first class mail as follows:

James P. Galvin
Ryan B. Tiede
Thurman, Wilson, Boutwell & Galvin, P.A.
301 S. McDowell Street, Suite 608
Charlotte, North Carolina 28204
*Attorneys for Plaintiff*

Samuel H. Poole Jr.
Taylor J. Sweet
Cranfill Sumner, LLP
P.O. Box 30787
Charlotte, N.C. 28230
*Attorneys for The Kania Law Firm, P.A.*

*/s/ B. Chad Ewing*
B. Chad Ewing
