UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE OFFICE
WDNC Civil Action No. 3:23-cv-00064

| | |
|---|---|
| HELEN BARBARA RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT THE KANIA LAW FIRM,** |
| v. ) | **P.A. SUPPLEMENTAL BRIEF IN** |
| ) | **SUPPORT OF STAY** |
| ) | |
| MECKLENBURG COUNTY and ) | |
| THE KANIA LAW FIRM, P.A., ) | |
| Defendants. ) | |

Defendant The Kania Law Firm, P.A. (hereinafter "Defendant") by and through undersigned counsel, hereby submits this supplemental brief as requested by the Court as it relates to the status of the pending Petition for Writ of Certiorari to the North Carolina Supreme Court for *County of Mecklenburg v. Ryan*, Mecklenburg County case No. 18-CVD-495 and N.C. COA case No. 21-205, and Defendant's position on a stay of the current case. Defendant does not have personal knowledge as to the Petition for Writ of Certiorari to the North Carolina Supreme Court, but is aware that it is still currently a pending petition and is based off the same set of facts as in the current case. The Defendant does however support a stay of the current matter as more thoroughly laid out below.

## STATEMENT OF THE CASE

On January 8, 2018, Mecklenburg County brought civil action against Plaintiff in Mecklenburg County under 18-CVD-0495 to recover judgment against Plaintiff for her delinquent property taxes for 2014, 2015, and 2016. Plaintiff argued in that case that she was not put on proper notice of the foreclosure of her home as a result of her delinquent taxes and that she had exercised her right of redemption. The Court of Appeals ruled that the trial court erred by finding Mecklenburg County exercised due diligence in serving Plaintiff and therefore reversed on this

issue. The Court of Appeals further affirmed the trial court's decision that Plaintiff was entitled to restitution. As a result, the Court of Appeals remanded for further proceedings. Defendant Mecklenburg County appealed the issue of whether Plaintiff was properly served to the North Carolina Supreme Court where the petition is pending.

In the current case, Plaintiff filed her Complaint in Mecklenburg County State Court on November 24, 2021 under 21-CVS-18976. On July 5, 2022, Defendant filed a Motion to Continue in order to avoid the restitution/damages amount being argued twice both in the 2018 case and the current case and for judicial efficiency. Plaintiff consented to the continuance and Co-Defendant Mecklenburg County did not object. The Motion was granted and a new trial date was set for June 5, 2023. On October 14, 2022, Plaintiff filed a Motion to Stay Proceedings citing her reasonings to include the prevention of possible double damages, for judicial economy, and to prevent unnecessary litigation expenses.

On November 1, 2022, shortly after filing the Motion to Stay, the Plaintiff also filed a Motion to Amend the Complaint. The Motion to Amend was allowed. Plaintiff filed her Amended Complaint on February 2, 2023 in Mecklenburg County State Court against Defendant and Defendant Mecklenburg County. On February 3, 2023, Defendant Mecklenburg County removed the case to the United States District Court for the Western District of North Carolina, Charlotte Division.

## STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and

maintain an even balance." *Amdur v. Lizars,* 372 F.2d 103, 106 (4th Cir.1967) (quoting *Landis,* 299 U.S. at 254–55). There are various factors a court may consider in deciding whether or not to stay a case. "These various factors include the interests of judicial economy, the hardship and equity to the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay*." Landress v. Tier One Solar LLC*, 243 F. Supp. 3d 633, 646 (M.D.N.C. 2017).

## ARGUMENT

### I.  Status of Pending Writ of Petition Before the Supreme Court

Similar to counsel for Plaintiff in the current matter, the undersigned counsel is not involved in the case that is pending before North Carolina Supreme Court and Defendant Kania Law Firm is not a party. Undersigned counsel is aware that the petition is still pending before the Supreme Court and also understands that no actions have been taken with the Petition for Writ of Certiorari per Plaintiff's Supplemental Brief Exhibit A [DE 16-1].

### II.  The Kania Law Firm Supports a Stay of The Current Matter

The Kania Law Firm supports a stay of the current matter and believes it is warranted due to the pending decision to determine Plaintiff's restitution/ damages amount. The Court of Appeals in the 2018 case, or *County of Mecklenburg v. Ryan*, determined that Plaintiff was entitled to restitution, but remanded the case for damages to be determined. The issue of whether or not Mecklenburg County should have utilized email to serve or give notice to the Plaintiff is the issue presented in the pending Petition for Writ of Certiorari. The result of the decision on Plaintiff's restitution will have a direct impact on the current case. Staying the case would promote judicial economy, save the parties litigation expenses, as there have been no depositions in this case and there are pending discovery issues, and a stay would also ensure that there are not inconsistent

rulings between the courts. Additionally, staying the case will not create any injustices to the parties.

In *Couick v. Actavis,* this Court decided to stay a case for three related cases scheduled before the United States Supreme Court. *Couick v. Actavis, Inc.*, No. 3:09-CV-210-RJC-DSC, 2011 WL 248008, at *1 (W.D.N.C. Jan. 25, 2011). The Court found that depending how the Supreme Court came down on the issues of the three related cases would "*likely*" directly impact the District Court case before them by either dismissing the case entirely or, if not, the Court stated that the "scope of the issues and arguments… may still be narrowed." *Id.* Additionally in support of its decision to stay, the Court held that "[i]t would be a waste of the parties' resources to engage in significant discovery on issues later eliminated by the Supreme Court's decision." *Id.*

Two of the three parties in the matter pending before this Court are involved in the 2018 case, but any decision on damages in the 2018 case will affect all parties to this litigation, or similar to *Couick*, will have a direct impact on the current case. Plaintiff argues that Defendant and Mecklenburg County are joint tortfeasors; however, Defendant was not a party to the other, older 2018 action. Defendant will be prejudiced in the current action if Defendant is charged with damages arising out of the older 2018 action. Additionally, if the parties were to go through with discovery, this could create a potentially large and unnecessary expense and also take time away from the current Court that could be spent on other cases. Further, federal courts have also stayed cases "[t]o prevent inconsistent rulings." *Johnson v. Palms Assocs., LLC*, No. 1:20CV1049, 2022 WL 19335855, at *1 (M.D.N.C. Feb. 8, 2022). To prevent this in the current case, it would be appropriate to issue a stay so to ensure the separate state and federal courts do not have inconsistent rulings.

In *Couick* the court additionally found that a five- or six-month delay would not prejudice any of the parties. *Couick.*, 2011 WL 248008, at *1. While in this case the timeline is unclear, the Court of Appeals decision was published over a year ago in February 2022 and the petition has been pending for over a year and will likely move forward in the coming months, which will also likely move the hearing/decision on damages forward. This additional time will not "work a grave injustice" against any of the parties. *Id.* As such, the Defendant argues that a stay of this case is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court stay the current proceedings in their entirety until such time that all outstanding decisions have been made on the merits of the 2018 case *County of Mecklenburg v. Ryan*.

This the 5th day of July, 2023.

**CRANFILL SUMNER LLP**

BY:    */s/ Samuel H. Poole, Jr.*
        Samuel H. Poole, Jr. NC Bar #13659
        Taylor J. Sweet NC Bar #55101
        *Attorney for Defendant The Kania Law Firm, P.A.*
        Post Office Box 30787
        Charlotte, North Carolina 28230
        Telephone: (704) 332-8300
        Facsimile: (704)332-9994
        Email: shp@cshlaw.com
        Email: tsweet@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing Defendant The Kania Law Firm, P.A. Supplemental Brief In Support Of Stay with the Clerk of Court using the CM/ECF system which will deliver the same to the parties below as follows:

>James P. Galvin
>Ryan B. Tiede
>Thurman, Wilson, Boutwell & Galvin, P.A.
>301 S. McDowell Street, Suite 608
>Charlotte, North Carolina 28204
>james@twbglaw.com
>ryan@twbglaw.com
>*Attorneys for Plaintiff*
>
>B. Chad Ewing
>Womble Bond Dickinson (US) LLP
>301 South College Street, Suite 3500
>Charlotte, North Carolina 28202-6037
>chad.ewing@wbd-us.com
>*Attorney for Defendant Mecklenburg County*

This the 5th day of July, 2023.

**CRANFILL SUMNER LLP**

BY: */s/ Samuel H. Poole, Jr.*
    Samuel H. Poole, Jr. NC Bar #13659
    Taylor J. Sweet NC Bar #55101
    *Attorney for Defendant The Kania Law Firm, P.A.*
    Post Office Box 30787
    Charlotte, North Carolina 28230
    Telephone: (704) 332-8300
    Facsimile: (704)332-9994
    Email: shp@cshlaw.com
    Email: tsweet@cshlaw.com