IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:23-CV-064-RJC-SCR

| | |
|---|---|
| HELEN BARBARA RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| MECKLENBURG COUNTY, and | ) |
| THE KANIA LAW FIRM, P.A., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Mecklenburg County's Motion to Dismiss the Amended Complaint, filed March 23, 2023, (Doc. No. 11); the Court's Order directing parties to file supplemental briefs, filed June 20, 2023, (Doc. No. 15); Plaintiff's Supplemental Brief supporting stay, filed June 28, 2023 (Doc. No. 16); Defendant Mecklenburg County's Brief in Opposition to Stay, filed June 30, 2023, (Doc. No. 17); Defendant the Kania Law Firm, P.A.'s Brief in Support of Stay, filed July 5, 2023, (Doc. No. 18); and the parties' Status Reports filed on November 27, 2023 and December 12, 2023 (Doc. Nos. 20 & 21). These matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and are now ripe for review.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will stay this case.

In this lawsuit, which was removed on February 3, 2023, to federal court, Plaintiff alleges claims against Mecklenburg County and the Kania Law Firm, P.A. pursuant to 42 U.S.C. § 1983 and under Federal and State Constitutions on the grounds that she was denied procedural and substantive due process. (Doc. No. 1). These claims are related to an underlying tax foreclosure

sale of her property ("the Related Action"). After Plaintiff's alleged failure to pay her property taxes, the County commenced a tax foreclosure proceeding. Despite attempts to personally serve Plaintiff, Defendant ultimately served Plaintiff by publication. Plaintiff never appeared and the tax foreclosure sale was confirmed. Later, Plaintiff successfully set aside the default judgment against her and the order confirming the sale. The North Carolina Court of Appeals found issues with the service on Plaintiff and held that Plaintiff has the right to a restitution hearing. Mecklenburg Cnty. v. Ryan, 281 N.C. App. 646, 659-660, 871 S.E.2d 110, 120 (2022). (Doc. No. 17-2). On April 29, 2022, Defendant Mecklenburg County filed a Petition for Writ of Certiorari in the North Carolina Supreme Court. (Doc. No. 17-2). On August 30, 2023, the Petition for Writ of Certiorari was denied. Cnty. of Mecklenburg v. Ryan, 891 S.E.2d 287 (N.C. 2023). As of the parties' most recent Status Report, dated December 12, 2023, no restitution hearing has been scheduled. (Doc. No. 21). Once the restitution hearing is conducted, there is a possibility of appeal.

Given the two cases are related, the Court previously issued an Order instructing the parties to submit supplemental briefs on their positions with respect to staying the Instant Action pending the final resolution of the initial foreclosure action, including the restitution hearing. (Doc. No. 15 at 2). Mecklenburg County responded with a brief in opposition to a stay while Plaintiff and Defendant the Kania Law Firm, P.A. responded with briefs in support of a stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936). The various factors to be considered in deciding whether or not to stay a case "include the interests of judicial economy, the hardship and equity to the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay." Landress v. Tier One Solar LLC, 243

F. Supp. 3d 633, 646 (M.D.N.C. 2017). Federal courts have stayed cases in the past in order to "prevent inconsistent rulings." Johnson v. Palms Assocs., LLC, No. 1:20CV1049, 2022 WL 19335855, at *1 (M.D.N.C. Feb. 8, 2022).

The Court has considered the above factors. Considering the intertwining nature of the Instant Action and the Related Action, the undersigned finds that it is appropriate and in the interests of judicial economy to stay this case. As noted, Plaintiff and Defendant the Kania Law Firm, P.A. are in favor of a stay and only Mecklenburg County opposes.

Based on the record in ECF, the Court notes that, prior to Plaintiff's Amended Complaint and removal to federal court, there were extensions of the mediation and trial dates in the state court proceeding (now, the "Instant Action") "to allow additional time for a sister case related to this matter to conclude . . . " (the "Related Action"). (Doc. No. 1-1 at 66, Ryan v. Mecklenburg Cnty., No. 21-CVS-18976 (Mecklenburg Cnty. Super. Ct.); see also Doc. No 1-1 at 75-76, 94-97). The Court further observes that Plaintiff submitted a motion to stay the state court proceeding with the consent of the Kania Law Firm, P.A. "pending the outcome of [the Related Action], County of Mecklenburg v. Ryan, Mecklenburg County case No. 18-CVD-495 and N.C. COA Case No. 21-205 (N.C. Ct. App.)" and a pending Petition for Writ of Certiorari (the "Writ Petition") to the North Carolina Supreme Court filed by Mecklenburg County. (Doc. No. 1-1 at 75-76). Plaintiff's motion to stay indicated that "[i]t is uncertain what damages will be considered in the [Related] Action but the restitution award in the [Related] Action will certainly overlap with the claimed damages of [the Instant A]ction." (Id. at 76.) Even in Plaintiff's Motion to Amend Complaint, Plaintiff acknowledged the parties' efforts to "significantly extend the deadlines" in the Instant Action, when it was in state court, due to the pending Related Action until the North Carolina Supreme Court reviewed the Writ Petition and the restitution hearing is held. (Doc. No. 1-1 at 76,

94-97). Thereafter, the state court granted Plaintiff's Motion to Amend Complaint (Doc. No. 1-1 at 223), and the Instant Action was removed to federal court. (Doc. No. 1).

The Court has further considered the potential prejudice to the parties. The County argues that it will be forced to be a party to a case in which it claims it has a valid defense, and that it would be "prejudiced by the inevitable loss of memories and documents due to delay." (Doc. No. 17 at 1). The Court reminds the parties that there is a separate obligation to preserve documents during litigation, and therefore, loss of documents due to delay should not be a factor. The County acknowledges that it did not previously object to Defendant Kania's prior request for a lengthy continuance in June 2022 prior to removal.

The County further argues it will "doubly prejudiced" if the Court permits a stay, but doesn't explain exactly how it would be prejudiced and instead points out alleged inconsistencies in Plaintiff's prior statements. To the Court, this argument is a *non sequitur*. Given the overlap in the parties and underlying events coupled with the fact that the restitution hearing has not yet concluded, it seems to the Court that the County may be prejudiced by *not* staying the case. In any event, there is substantial risk for inconsistent rulings or, at the very least, rulings that could potentially impact other aspects of the Instant Action.

**IT IS, THEREFORE, ORDERED** that this case is **STAYED** pending the resolution of Mecklenburg Cnty. v. Ryan, Meck. Co. File No. 18-CVD-495.

**IT IS FURTHER ORDERED** that the parties shall jointly file a status report every 90 days. The parties shall further notify this Court when the restitution hearing has concluded. This stay does not prohibit the parties from proceeding with mediation should they mutually agree, and/or filing a voluntary dismissal of this case.

Because this matter will require re-briefing following the stay if it is not dismissed, Defendant Mecklenburg County's Motion to Dismiss the Amended Complaint, filed March 23, 2023, (Doc. No. 11) is **ADMINISTRATIVELY DENIED WITHOUT PREJUDICE** to refiling following lifting of the stay.

**SO ORDERED.**

Signed: December 19, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge